[2] We quite agree with the view of Mr. Justice Stapleton, at Special Term, that it is obvious that, even were the contract for the sale of lands itself assigned by the vendee, his assignee, on breach by the vendor, is not entitled to a judgment impressing a lien upon the land for the earnest money paid by the original vendee, unless there is a specific agreement of novation to which the three parties agree that the assignee is to take the place of his assignor. Hugel v. Habel, 132 App. Div. 327, 117 N. Y. Supp. 78. The complaint here is not only without such an allegation, but it merely alleges an assignment of a claim for money, and this is not the foundation for such an action as is contemplated by section 1670 of the Code of Civil Procedure.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

MURPHY v. HURLEY et al.  (No. 2.)

(Supreme Court, Appellate Division, Second Department.  February 21, 1913.)

Appeal from Special Term, Kings County.

Action by John J. Murphy against William S. Hurley and others. Plaintiff appeals from an order. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the authority of Murphy v. Hurley (Appeal No. 1) 140 N. Y. Supp. 514, decided herewith.

---

(79 Misc. Rep. 613.)

JOHN W. WALKER CO. v. ROTH et al.

(Supreme Court, Appellate Term, First Department.  March 7, 1913.)

1. SALES (§ 363*)—ACTIONS FOR PRICE—INSTRUCTIONS.

Where plaintiff pleaded and attempted to prove that it sold goods to both defendants, it was improper to charge that there could be no joint recovery against both, but only a recovery against either one of the defendants separately.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1064; Dec. Dig. § 363.*]

2. TRIAL (§ 328*)—VERDICT—SEVERANCE AS TO PARTIES.

In an action against two defendants, both of whom appeared, joined issue, and defended the action, where the jury rendered a verdict for plaintiff against one defendant and rendered no verdict as to the other defendant, the court erred in ruling that such other defendant was "out of the case," instead of requiring the jury to find a verdict as to that defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 771–773; Dec. Dig. § 328.*]

Appeal from City Court of New York, Trial Term.

Action by the John W. Walker Company against Ignatz Roth and another. From a judgment for plaintiff and an order denying a new trial, the defendant named appeals. Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes